Dear Mr. Roche:
Your opinion request has been forwarded to me for research and reply. You requested an opinion from the Attorney General's office concerning the authority of the Municipal Police Employees' Retirement System, a municipal retirement system, to recover overpayments of retirement benefits to retirees. It is our opinion that under La.R.S. 11:192, any overpayment which is not due to the retiree shall be corrected and recovered within a reasonable time after notice is given to the retiree.
In your request you provided the following facts: In early 2000, the City Parish Employees' Retirement System of Baton Rouge merged its police employees with the Municipal Police Employees' Retirement System ("MPERS") under La.R.S. 11:2225. Since that time, several membership data errors have been identified. Based on the calculation errors, it was determined that certain merged members were receiving an underpayment of benefits while others are receiving overpayments. As of March 17, 2010, all data errors have been discovered and the incorrect amounts calculated.
You have further indicated that MPERS will correct the amounts owed to the underpaid members by forwarding a check to cover such underpayments. However, MPERS is concerned with whether it has the authority to recover any benefit overpayments made to its members and if so, what legal deadlines apply to the recovery of benefit overpayments.
The special provisions governing MPERS are found at La.R.S. 11:2211 through 2234. General provisions applicable to all public retirement systems, including MPERS, are *Page 2 
found at La.R.S. 11:141, et seq.[1] These general provisions specifically address the overpayment of retirement benefits made by a retirement system in La.R.S. 11:192, [2] which states as follows:
Whenever any state, parochial, or municipal retirement system or pension fund pays any sum of money or benefits to a retiree, beneficiary, or survivor which is not due them, the board of trustees [1] shall adjust the amount payable to the correct amount, and [2] the board is hereby authorized to recover any overpayment by reducing the corrected benefit such that the overpayment will be repaid within a reasonable number of months. The board shall notify the beneficiary, or survivor, of the amount of overpayment in benefits and the amount of the adjustment in benefits, thirty days prior to any reduction from the benefit amount without the overpayment.
The statute above requires that if a municipal retirement system pays a benefit to a retiree that is over the correct benefit amount, then the retirement system must adjust the benefit to the correct amount. Section 192 further authorizes a municipal retirement system to recover any overpayments by reducing the corrected benefit by an amount such that the overpayments will be repaid to the system within a reasonable number of months as long as the beneficiary or survivor receives thirty days notice.[3] Thus, La.R.S. 11:192 grants a municipal retirement system with the power to correct and recoup any benefit overpayment errors provided that reasonable repayment time and notice is given.
In this situation, since MPERS is clearly a municipal retirement system, the provisions outlined in La.R.S. 11:192 must be followed in order for MPERS to recover overpayment of benefits received by a member/retiree. As a matter of law, MPERS must reduce benefit overpayments to the correct amount. MPERS also has the authority to recover past overpayment amounts by reducing the corrected benefit amount to be repaid over a reasonable number of months as long as the retiree, beneficiary or survivor receives thirty days notice. Additionally, if MPERS decides to recover the overpayments, it should consider the retiree's financial situation and the overall economic impact of the reduction of retirement benefits on the retiree in deciding what would be a reasonable number of months within which to recoup the overpayments as required by Section 192.
In your opinion request, you indicate that MPERS would like to recover all overpayments from the member since the date the benefits began to be paid. With the *Page 3 
request you provided a detailed spreadsheet which outlines the members who received overpayments and the time frame within which the overpayments began to be paid. The spreadsheet shows that the three members receiving overpayments have been doing so for respectively three months, two years and three years. In determining whether MPERS can recover the overpayment amounts occurring as far back as three years ago, our office examined the law and jurisprudence regarding the limitations on recoupment of overpayments by a municipal retirement system. The specific laws governing MPERS, La.R.S. 11:2211, et seq., are silent as to a specific time period for the recoupment of overpayments. Moreover, La.R.S. 11:192, included in the general statutes applicable to retirement systems, does not provide a time limit for the recovery of overpayments. Based on the facts provided to us in this request, our office has concluded that MPERS may collect the benefit overpayments paid within the past three years provided that reasonable repayment time and notice is given.[4]
I hope the foregoing is sufficiently responsive to your questions. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL
BY:____________________________________________ MERIDITH J. TRAHANT, Assistant Attorney General
JDC/MJT/ard
[1] See La.R.S. 11:142 which excludes the State Employees' Retirement System of Louisiana, the Louisiana School Employees' Retirement System of Louisiana, and the Teachers' Retirement System of Louisiana from the general provisions governing public retirement systems.
[2] La.R.S. 11:192 was redesignated into Title 11 from La.R.S. 42:701.1 pursuant to Acts 1991, No. 74.
[3] Amounts paid into a DROP account by MPERS are considered retirement benefits and as such, any overpayments would be governed by La.R.S. 11:192.
[4] It is important to note that the issue of whether MPERS can recover the overpayment of retirement benefits paid more than three years ago was not addressed by our office due to the facts presented for review in this situation. Should such a situation arise, it is the opinion of our office that a different analysis of Louisiana law and jurisprudence concerning the applicability of general prescriptive time periods may be required.